**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.   00-30905

In Re: In the Matter of the Complaint of FALCON WORKOVER COMPANY, INC. doing business as Blake Workover & Drilling Company, as owner of Rig 19, Official Number 560963, Petitioning for Exoneration from or Limitation of Liability,

Petitioner,

------------------------------------------

UNDERWRITERS AT LLOYDS OF LONDON; HIH CASUALTY & GENERAL INSURANCE COMPANY, COMMERCIAL UNION ASSURANCE COMPANY PUBLIC LIMITED COMPANY; THE MARINE INSURANCE COMPANY LTD; ASSURANCES GENERALES DE FRANCE I A R T; YORKSHIRE INSURANCE COMPANY LTD; INTERNATIONAL INSURANCE CO OF HANOVER LTD; GAN INSURANCE COMPANY LIMITED; THE THREADNEEDLE INSURANCE COMPANY LTD; SKANDIA MARINE INSURANCE COMPANY (U K) LTD; ARIG INSURANCE CO LTD; ASSICURAZIONI GENERALI, S P A; AXA GLOBAL RISKS (UK) "T" A/C; ALL AMERICAN MARINE SLIP; AIG OIL RIG

Plaintiffs-Appellants,
and

R & B FALCON DRILLING CO

Movant-Appellant,

VERSUS

UNIVERSAL MACHINERY CO INC; ET AL

Defendants,

and

CATERPILLAR, INC;

Defendant-Appellee,

and

STEVEN L SANDERS,

Claimant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-2628)

---

June 26, 2001

Before SMITH, DUHÉ and WIENER, Circuit Judges.

PER CURIAM:[1]

In this limitation of liability proceeding R & B Falcon Drilling Co. and its insurers ("Falcon") sought to recover from Caterpillar, Inc. ("Caterpillar") damage to Falcon Rig 19 caused by fire, and consequential damages resulting therefrom. Stephen Sanders ("Sanders"), who was allegedly injured while escaping from the rig fire, sought damages for his injuries. Following a bench trial the district court found Falcon at fault. It awarded nothing to Falcon and damages to Sanders. Falcon appeals. We have considered the briefs and argument of counsel and appropriate parts of the record and we affirm.

This appeal raises the following issues. Did the district court err concerning: the cause of the fire; whether Sanders suffered an accident while evacuating the rig; whether Sander's accident (if there was one) caused his injuries; and, if so, the

---

[1]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

damages awarded to him?  These issues question the factual findings of the district court which we review only for clear error and which we can reverse only if, after considering the record, we are "...left with a firm and definite conviction that a mistake has been committed."[2]  Since the parties are familiar with the facts, we do not restate them here.

Falcon's claims against Caterpillar are brought pursuant to general maritime law products liability theories and strict liability under the Louisiana Products Liability Act, La. Rev. Stat. Ann. § 9:2800.51-60 (West 2001).

Falcon first contends that the brazed fitting in the oil feed line which caused the fire failed because it was not properly brazed by Caterpillar and because it was subjected to excessive vibration due to the lack of a securing clip.  In addition to its own evidence, Caterpillar relies on the cross examination statement of Falcon's expert witness  that the braze must have been adequate because the fitting lasted without failure or leak for 2,000 hours of engine operation  following the last overhaul without the clip. The district court found the braze was adequate and that the lack of the securing clip was a misuse by Falcon.  Our examination of the record does not establish that this finding was clearly

_____

[2] W.H. Scott Constr. Co. v. City of Jackson, Miss., 199 F.3d 206, 219 (5th Cir. 1999); see also Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000).

erroneous.

Next Falcon contends that the district court clearly erred in finding that Sanders hit his head while fleeing the burning rig. It relies primarily on five separate items of evidence. The court believed Sanders based upon his testimony and that of witnesses Bourque and Roth. It is clear from the record, and in particular from statements by the court during the hearing on the Motion For New Trial, that this was simply a credibility call by the court.[3] We see no error.

Alternatively, Falcon contends that even if Sanders did have an accident it was not the cause of his cervical injury, and offers, inter alia, the argument that the court ignored the evidence of Dr. Cenac. The record shows, and the district court found, that Dr. Cenac did not examine Sanders, and that Doctors Bernard, Juneau, Lindermann and Gidman all agreed that the delay in onset of symptoms was not unusual and, in response to the proper question, that the accident was the cause of Sander's injury. These findings were not clearly erroneous.

As to the contention that the award of damages was excessive, we note that, while had we been the trial judge we may have awarded something less, the high hurdle of clear error is not met by the

---

[3] Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 375 (5th Cir. 2000) ("The burden of showing that the findings of the district court are clearly erroneous is heavier if the credibility of witnesses is a factor in the trial court's decision.") (citation omitted).

facts of this case.  The district court carefully considered each separate element of the award and provided reasons therefor that are adequately supported by the record.

AFFIRMED.